# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Antony BANEGAS CRUZ<br><br>*Defendant(s)* | Case No. 3:25-mj-70895 MAG |

**FILED**
Jul 22 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 10, 2022** in the county of **San Francisco** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) & (b)(2) | Reentry of Removed Alien<br>Maximum penalties:<br>- Imprisonment: 2 years/1326(a); 10 years/1326(b)(1); 20 years/1326(b)(2)<br>- Fine: $250,000<br>- Supervised release: not more than 1 year [1326(a)] or 3 years [1326(b)]<br>- Special assessment: $100<br>- Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of

☑ Continued on the attached sheet.

Approved as to form **BENJAMIN WOLINISKY,**
Assistant United States Attorney

/s/Joseph Salvini
*Complainant's signature*

Joseph Salvini, S/A Homeland Security Investigation
*Printed name and title*

Sworn to before me by telephone.

Date: July 21, 2025

*Judge's signature*

City and state: San Francisco, California

Hon. PETER H. KANG, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN
ARREST WARRANT AND CRIMINAL COMPLAINT**

I, Joseph Salvini, a Special Agent with Homeland Security Investigations, being duly sworn, hereby declare as follows:

**INTRODUCTION**

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Antony BANEGAS CRUZ** ("**BANEGAS CRUZ**") with a violation of 8 U.S.C. §§ 1326(a) and (b)(2) – Illegal Reentry Following Removal by an Aggravated Felon.

2. There is probable cause to believe that on, or about, February 10, 2022, in the Northern District of California, **BANEGAS CRUZ**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on, or about, May 11, 2016 and December 4, 2019, without first obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission, after having committed an aggravated felony.

**AFFIANT BACKGROUND**

3. I am a Special Agent (SA) of Homeland Security Investigations (HSI) and have been so employed since June 2023. I am currently assigned to the HSI Special Agent in Charge, San Francisco, California. Prior to becoming an SA, I was employed, beginning in 2016, as a United States Park Ranger Law Enforcement Officer ("USPR") at Golden Gate National Recreation Area in the Northern District of California. Prior to becoming a USPR, starting in May 2012, I worked seasonally for the National Park Service as a law enforcement ranger at various locations throughout the United States.

4. I have interviewed and arrested multiple individuals who had committed various violations of state and federal law including, but not limited to, drug offenses, possession of child pornography, vehicle theft, armed robbery, weapons possession, depredation of federal government property, and immigration violations.

//

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                              1                    NDCA-OTBA Affidavit v.1.1

5. I have completed multiple law enforcement training academies including HSI Special Agent Training, the Criminal Investigator Training Program, and the Land Management Police Training Program at the Federal Law Enforcement Training Center in Brunswick, Georgia. I previously attended the National Park Service Seasonal Law Enforcement Training Program at Southwestern Community College in Franklin, North Carolina.

6. I have participated in federal and state arrest operations. I have written and/or served search warrants on persons, vehicles, personal property, electronic devices, residences, storage facilities, and places of business. I have handled evidence related to drugs, suspected drugs, child sexual abuse material, firearms, and electronic devices. I have participated in law enforcement operations including searching and arresting suspects.

7. I am an investigator and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am empowered to conduct investigations, to execute search warrants, and to make arrests for offenses of federal law, including Title 8, United States Code, Section 1326(a), (b) (1) and (b) (2).

## SOURCES OF INFORMATION

8. The statements in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other deportation officers, deputies, agents, and witnesses. Where statements or observations are made by other individuals (including other law enforcement officers) referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part and not verbatim.

9. The Department of Homeland Security maintains files, often referred to as "A-Files" on aliens who have entered the United States without proper authorization. I have received **BANEGAS CRUZ**'s A-File.

//

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                    2                    NDCA-OTBA Affidavit v.1.1

10. I have also reviewed **BANEGAS CRUZ**'s criminal history records as retrieved from multiple law enforcement databases.

11. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and an arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE LAW

12. Under 8 U.S.C. §§ 1326(a), it is unlawful for **BANEGAS CRUZ** to be in the United States after having been previously excluded, deported, and removed from the United States, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States.

13. The elements of the offense of Illegal Reentry Following Removal under 8 U.S.C § 1326(a) are:

   (1) the defendant was removed from the United States;

   (2) thereafter, the defendant voluntarily entered the United States;

   (3) after entering the United States the defendant knew that he was in the United States and knowingly remained;

   (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

   (5) the defendant was an alien at the time of the defendant's entry into the United States; and

   (6) the defendant was free from official restraint at the time he entered the United States; and

14. The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

15. A defendant who violates 8 U.S.C. § 1326(a) shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                    3                    NDCA-OTBA Affidavit v.1.1

16. Additionally, under 8 U.S.C. § 1326(b)(1), a defendant who violates 8 U.S.C § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or any felony, shall be fined under Title 18, imprisoned not more than 10 years, or both. A felony is defined as a crime punishable by greater than one year of imprisonment.

17. Finally, under 8 U.S.C. § 1326(b)(2), a defendant who violates 8 U.S.C § 1326(a) and whose removal from the United States was subsequent to a conviction for commission of an aggravated felony shall be fined under Title 18, imprisoned not more than 20 years, or both. An aggravated felony is defined at 8 U.S.C. § 1101(a)(43).

## FACTS SUPPORTING PROBABLE CAUSE

18. There is probable cause to believe that on or about February 10, 2022, in the Northern District of California, **BANEGAS CRUZ**, an alien, was found in the United States after having previously been excluded, deported, and removed from the United States on or about December 4, 2019, without obtaining the express consent of the Attorney General of the United States and the Secretary of Homeland Security to reapply for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a), (b)(1) and (b)(2).

19. Additionally, **BANEGAS CRUZ** was located in the United States in the District of Oregon on or about February 14, 2023, and has since returned to the Northern District of California and been arrested no less than two additional times in the Northern District of California.

BANEGAS CRUZ is Not a United States Citizen and was Removed from the United States

20. **BANEGAS CRUZ** is a citizen of Honduras and not a citizen of the United States.

21. On March 23, 2015, Immigration Judge Madeline Garcia, in Atlanta, Georgia, issued an initial order of removal for **BANEGAS CRUZ.**

//

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                   4                        NDCA-OTBA Affidavit v.1.1

22. **BANEGAS CRUZ** was removed from the United States the first time on May 11, 2016, at the Phoenix Mesa Gateway Airport in Mesa, Arizona via ICE-Air. Subsequently, **BANEGAS CRUZ** returned to the United States and his removal order was reinstated.

23. The most recent reinstatement of the removal order occurred November 12, 2019, and **BANEGAS CRUZ** was removed from the United States to Honduras on December 4, 2019, at the Phoenix Mesa Gateway Airport in Mesa, Arizona via ICE-Air. At the time of reinstatement of the removal order **BANEGAS CRUZ** fixed their thumb print to DHS Form I-294 where it is stated that:

> In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), **BANEGAS CRUZ** is prohibited from entering , attempting to enter, or being in the United States…At any time because he was found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and order deported or removed from the United States, and BANEGAS CRUZ has] been convicted of a crime designated as an aggravated felony, as defined under section 101(a)(43) of the Act.

### Unlawful Reentry

24. On an unknown date after December 4, 2019, **BANEGAS CRUZ** voluntarily, and illegally, entered the United States at an unknown place. After entering the United States, the defendant knew that they were in the United States and knowingly remained.

25. On February 10, 2022, **BANEGAS CRUZ** was found in the United States when he was fingerprinted pursuant to an arrest in San Francisco, California, in the Northern District of California by the San Francisco Sheriff's Office.

26. On July 9, 2025, **BANEGAS CRUZ**'s fingerprints were taken as part of the standard booking procedures conducted by the San Francisco County Sheriff's Office after an arrest by the San Francisco Police Department for state offenses related to possession and distribution of narcotics in San Francisco.

27. The fingerprints obtained for the booking procedure were electronically submitted to the California Department of Justice (CAL DOJ), National Crime Information Center (NCIC), and DHS/ICE databases.

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                    5                    NDCA-OTBA Affidavit v.1.1

**Confirmation of Identity**

28. On or about July 14, 2025, I conducted electronic records checks using various Department of Homeland Security records to verify **BANEGAS CRUZ** fingerprint identification number ("FIN"). The printouts of ICE computer indices on **BANEGAS CRUZ** through DHS/USCIS Central Index System ("CIS") and Person Centric Query Service ("PCQS") all confirm **BANEGAS CRUZ**'s FIN to be **1157355177**.

29. I then compared **BANEGAS CRUZ**'s FIN **1157355177** to the FIN obtained from **BANEGAS CRUZ** at his San Francisco arrest on July 9, 2025. I determined that **BANEGAS CRUZ** was the person whose details are contained in the computer indices and A-File discussed herein.

30. On July 16, 2025, I received a copy of the fingerprint cards FD-249's from **BANEGAS CRUZ**'s San Francisco arrest on July 9, 2025. I had previously obtained the FD-249's from **BANEGAS CRUZ**'s ICE arrest on May 24, 2013. On July 16, 2025, I submitted both sets of fingerprint cards, to the US Department of Homeland Security Biometric Support Center for comparison. Later that same day I received a complete examination report from Ten Print Examiner Brenda L. Bass. Examiner Bass's report confirms that the fingerprint cards above contained fingerprints from the same individual.

31. On or about July 14, 2025, I reviewed the printouts of ICE computer indices on **BANEGAS CRUZ**.

32. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that **BANEGAS CRUZ** had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in **BANEGAS CRUZ**'s DHS A-File and listed earlier in this affidavit.

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                    6                         NDCA-OTBA Affidavit v.1.1

33. The ICE computer indices further indicated that **BANEGAS CRUZ** had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

34. Furthermore, the Alien Number ("A Number") is a unique identifying number assigned to only one individual. The A Number associated with **BANEGAS CRUZ**'s May 11, 2016, removal is the same as the A Number associated with his December 4, 2019, removal.

35. Thus, **BANEGAS CRUZ** was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; was an alien at the time of their entry into the United States; **BANEGAS CRUZ** was free from official restraint at the time he entered the United States; and **BANEGAS CRUZ** knowingly and intentionally remained in the United States.

### Relevant Criminal Record Prior to Removal on December 4, 2019

36. **BANEGAS CRUZ** had been removed from the United States before to Honduras:

    a. **BANEGAS CRUZ** was ordered removed by Immigration Judge Madeline Garcia, in Atlanta, Georgia, on March 23, 2015, and was removed to Honduras May 11, 2016.
    b. **BANEGAS CRUZ** was removed to Honduras again on December 4, 2019.

37. On, or around, March 2, 2017, **BANEGAS CRUZ** was arrested in Denver, Colorado and charged with various narcotics violations. On September 15, 2017, **BANEGAS CRUZ** was sentenced to 5 years in custody for a conviction of Colorado 18-18-405(1),(2)(c) a felony described as controlled substances distribution schedule 1 or 2. Case: 2016CR000886. The convictions records are included in **BANEGAS CRUZ**'s A-File.

38. This felony conviction is considered an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B).

39. On, or around, February 8, 2016, **BANEGAS CRUZ** was arrested in Denver, Colorado and charged with various narcotics violations. On September 15, 2017, **BANEGAS**

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                7                           NDCA-OTBA Affidavit v.1.1

**CRUZ** was sentenced to 3 years in custody for a conviction of Colorado 18-18-405(1),(2)(c) a felony described as controlled substances distribution schedule 1 or 2. Case: 2017CR001509. The convictions records are included in **BANEGAS CRUZ**'s A-File.

40.  This felony conviction is considered an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B).

### Relevant Criminal Record Since Removal in Most Recent Removal

41. In addition, BANEGAS CRUZ was arrested on other criminal charges as follows: On, or about, February 10, 2022, in San Francisco, California **BANEGAS CRUZ** was arrested by law enforcement authorities and charged with four felony counts of possession and purchase for sale of narcotics, one felony count of possession of a controlled substance for sale, and one misdemeanor count of obstructing a public officer. Case Number 22661038.

42.  On, or about, February 14, 2023, in Portland, Oregon **BANEGAS CRUZ** was arrested by law enforcement authorities for: possession of fentanyl, manufacturing/delivering fentanyl, manufacturing/delivering narcotics and possession of narcotics; all felony offenses. This court case is outstanding, and a felony dangerous drugs warrant was issued on March 10, 2023, for BANEGAS CRUZ's arrest.

43.  On, or about April 1, 2025, in San Francisco, California, **BANEGAS CRUZ** was arrested by the California Highway Patrol for a felony violation of transporting a controlled substance and a felony violation of transporting or selling narcotics. Case Number: 25663807.

44.  On, or about, July 9, 2025, in San Francisco, California, **BANEGAS CRUZ** was arrested by the San Francisco Police Department for 13 various drug possession and sales related felony level offenses. These charges included a felony violation of California Health and Safety code 11353 (A) soliciting or inducing a minor to possessing, transporting and/or selling narcotics OR unlawfully selling or furnishing narcotics to minors under the age of 18.

//

//

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                                  8                            NDCA-OTBA Affidavit v.1.1

## CONCLUSION

45. Based on the information above, there is probable cause to believe that on or about February 14, 2023, **Antony BANEGAS CRUZ** violated 8 U.S.C §§ 1326(a) and (b)(2)– Illegal Reentry Following Removal by an Aggravated Felon. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

46. I further request, in order to avoid **Antony BANEGAS CRUZ** from destroying evidence, fleeing, or otherwise impeding my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, the Department of Homeland Security, and other law enforcement and intelligence agencies, including foreign law enforcement and intelligence agencies, as necessary for use in investigation and prosecution.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

/s/
Joseph Salvini
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this 21st day of July 2025. This application and warrant are to be filed under seal.

_____
HONORABLE PETER H. KANG
United States Magistrate Judge

Affidavit of HSI Special Agent Joseph Salvini
In support of an Arrest Warrant under
8 U.S.C §§ 1326(a)                    9                    NDCA-OTBA Affidavit v.1.1